AO 442

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

Raymond Liddy

**WARRANT FOR ARREST**

Case Number: 19-cr-1685-CAB-1

**NOT FOR PUBLIC VIEW**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest  Raymond Liddy
                                      Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ Probation Violation Petition
                                                                                  ☐ Pretrial Violation

charging him or her with (brief description of offense):

In violation of Title __See Above__ United States Code, Section(s) _____

John Morrill
Name of Issuing Officer

s/ D. Martinez
Signature of Deputy

Bail fixed at $  No Bail

Clerk of the Court
Title of Issuing Officer

5/9/2023 San Diego, CA
Date and Location

by  The Honorable Cathy Ann Bencivengo
    Name of Judicial Officer

RECEIVED 2023 MAY -9 PM 3:36 U.S. MARSHALS-S/CA

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |



PROB 12C
(06/17)

May 9, 2023
pacts id: 3845353

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Raymond Joseph Liddy (English)  **Dkt. No.:** 19CR01685-001-CAB

**Reg. No.:** 63272-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 18 U.S.C. § 2252(a)(4)(B), Possession of Images of Minor Engaged in Sexually Explicit Conduct, a Class C felony.

**Date of Sentence:** September 2, 2020

**Sentence:** Five (5) years' probation. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On July 23, 2021, conditions were modified to include that the offender abstain from alcohol use, complete drug and alcohol treatment, and participate in alcohol monitoring for a period of 180 days. On June 8, 2022, conditions were modified to include that the offender comply with all state diversion requirements.

**Type of Supervision:** Probation  **Date Supervision Commenced:** September 2, 2020

**Asst. U.S. Atty.:** Amanda Griffith  **Defense Counsel:** Knut S. Johnson
(Retained)
(619) 232-7080

**Prior Violation History:** Yes. See prior Court correspondence.

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

2023 MAY -9 PM 3:36  RECEIVED U.S. MARSHALS-S/CA

PROB12(C)

| | |
|---|---|
| Name of Offender: Raymond Joseph Liddy | May 9, 2023 |
| Docket No.: 19CR01685-001-CAB | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about April 25, 2023, Mr. Liddy threatened to kill Kelli Singleton, a federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B).<br><br>2. On or about April 25, 2023, Mr. Liddy threatened to injure Kelli Singleton, in violation of 18 U.S.C. § 875(c).<br><br>3. On or about April 25, 2023, Mr. Liddy committed the act with intent to kill, injure, harass, intimidate or place under surveillance in order to kill, injure, harass, or intimidate Kelli Singleton, in violation of 18 U.S.C. § 2261(a)(1).<br><br>4. On or about April 25, 2023, Mr. Liddy threatened to commit a crime which would result in death or great bodily injury to Kelli Singleton, in violation of California Penal Code § 422. |

***Grounds for Revocation:*** As to Allegation 1, on or about April 25, 2023, at approximately 6:25 p.m., Mr. Liddy was telephoned by Senior U.S. Probation Officer (SrUSPO) Kelli Singleton. The purpose of the telephone contact was for SrUSPO Singleton to introduce herself to Mr. Liddy as his recently assigned probation officer. SrUSPO Singleton telephoned Mr. Liddy from her office telephone number, which belonged to one of Mr. Liddy's previously assigned probation officers, USPO Jordan Elbert.

Upon contacting Mr. Liddy on his home telephone number, he asked SrUSPO Singleton several questions which he noted were to determine if he was talking to an actual probation officer. SrUSPO Singleton provided him with the information he requested. Although SrUSPO Singleton provided Mr. Liddy with the information he requested, he became increasingly hostile and aggressive by raising his voice, yelling loudly, and shouting obscenities and threats. At one point, Mr. Liddy gave the phone to his wife, Courtney Liddy, who stated the officer was not an actual officer and began calling SrUSPO Singleton obscene names and threatening to find and kill her. Immediately, SrUSPO Singleton asked Mr. Liddy be put back on the phone.

When he was back on the telephone, Mr. Liddy continued using obscene language while speaking with SrUSPO Singleton calling her a "bitch, motherfucker," and stated she was probably a "nigger bitch." Mr. Liddy advised SrUSPO Singleton if any officer showed up at his home, they better have a badge and know how to use a gun. At that point, SrUSPO Singleton terminated the telephone call.

Mr. Liddy continued to telephone SrUSPO Singleton several times from two different telephone numbers, as did Courtney Liddy, making additional threats to the probation officer's life stating, "we know where you are and will find you and kill you." Both Mr. Liddy and his wife, Courtney Liddy, continued calling SrUSPO Singleton obscene names to include "bitch" and "motherfucker," as well as telling the probation officer to "go fuck yourself" and "we know where you are nigger and we will find and kill you." They repeatedly threatened to kill SrUSPO Singleton. Mr. Liddy indicated he was going to contact Coronado Police Department.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

In July 2021, Mr. Liddy violated his conditions of probation, and the court was notified of his arrest for driving under the influence of alcohol (DUI), Case No. S319725, Superior Court of California, County of San Diego. At the time of the offense, Mr. Liddy's blood alcohol content was determined to be 0.245 (+/- 0.013) percent. While pending the violation for the DUI, Mr. Liddy's conditions of probation were modified to include abstain from alcohol use, complete drug and alcohol treatment, and participate in alcohol monitoring for a period of 180 days. Mr. Liddy continued to violate his conditions of probation by consuming alcohol on multiple occasions, failing to comply with the alcohol monitoring program, and obstructing the alcohol monitoring device. The court was subsequently notified of his ongoing violation conduct. On June 8, 2022, the Petition for Warrant or Summons was dismissed by the Court without prejudice. On the same date, a modification to Mr. Liddy's conditions were made to include he comply with all state diversion requirements for the DUI charges. On May 1, 2023, Mr. Liddy was granted his motion for Restorative Relief in Case No. S319725, Superior Court of California, County of San Diego. As a result, criminal charges for the DUI were dismissed.

While on probation, Mr. Liddy participated in sex-offender specific treatment with Connie Martin. According to Ms. Martin, his overall therapy progress score was average. The report submitted by Ms. Martin indicates Mr. Liddy never took full responsibility for the underlying charges he pled guilty to. Ms. Martin further asserted research shows individuals who deny all or part of their offense but complete the treatment requirements can still have a decrease in future offending. On February 17, 2023, based on Mr. Liddy's treatment progress, he completed sex offender-specific treatment. On May 7, 2023, Ms. Martin contacted the probation office via email pertaining to Mr. Liddy's treatment completion certificate and expressed concerns regarding Mr. Liddy. Specifically, Mr. Liddy had been sending Ms. Martin numerous texts, emails, and phone messages which she identified as seemingly strange.

Mr. Liddy has reportedly participated in mental health and substance abuse treatment through the Department of Veteran's Affairs (VA). Mental health treatment was not ordered by the Court and therefore documentation has not been received verifying such. On July 23, 2021, Mr. Liddy's conditions of probation were modified to include that he complete drug and alcohol treatment. On August 12, 2022, he completed a dual diagnosis recovery program through the VA. Furthermore, Mr. Liddy attended alcohol treatment through the VA and successfully completed the program on February 1, 2023

Of concern is Mr. Liddy's recent conduct while on supervised release as it relates to the above alleged violations. On April 25, 2023, Mr. Liddy made several threats to injure SrUSPO Singleton to include threats to her life, repeatedly threatening to kill her. He continued to contact SrUSPO Singleton on her desk phone number, which belonged to his prior probation officer, USPO Jordan Elbert. The continued phone calls to SrUSPO Singleton were harassing and included obscene names.

On the same date, Mr. Liddy attempted to contact SrUSPO Walloch at approximately 6:40 p.m. Mr. Liddy left a voice mail message reporting someone with the caller identification as U.S. Courts was trying to call him. Mr. Liddy said he would be calling the telephone number back. At 6:47 p.m., Mr. Liddy again contacted SrUSPO Walloch and left a voicemail message indicating he received a few calls from U.S. Courts.

At approximately 6:51 p.m., SrUSPO Singleton spoke with Coronado Police Department (CPD) dispatch advising she was attempting to contact Mr. Liddy for probation supervision purposes. At approximately 9:30 p.m.,

SrUSPO Singleton spoke with an officer from CPD. The CPD officer advised he would contact Mr. Liddy and inform him it was confirmed SrUSPO Singleton is a U.S. Probation officer.

At approximately 7:04 p.m., defense attorney Knut Johnson telephoned SrUSPO Singleton and verified the probation officers name and information. Mr. Johnson advised Mr. Liddy has PTSD and other mental health issues. SrUSPO Singleton advised Mr. Johnson that Mr. Liddy made threats to her and was extremely hostile and aggressive. Mr. Johnson apologized on Mr. Liddy's behalf and said Mr. Liddy has been receiving calls from "scammers" which has made him anxious. Mr. Johnson acknowledged he understood if there were ramifications for Mr. Liddy's actions. SrUSPO Singleton informed Mr. Johnson there was no excuse to justify Mr. Liddy threatening to kill and verbally assaulting and officer. SrUSPO Singleton further informed Mr. Johnson if Mr. Liddy believed it was a scam, he could have blocked the telephone number. Instead, Mr. Liddy continued to call making threats and harassing SrUSPO Singleton.

At approximately 7:26 p.m., Mr. Liddy left a message on the telephone belonging to the undersigned. The call was from Mr. Liddy's home telephone number; although, he did not identify himself. On the voicemail message, Mr. Liddy stated "I understand you are a probation officer…"

On April 26, 2023, Mr. Liddy again left a voicemail message for SrUSPO Walloch. On the message, Mr. Liddy indicated a young woman called his number claiming to be his new probation officer. He also indicated on the message he contacted CPD.

On April 27, 2023, Mr. Liddy contacted Supervisory U.S. Probation Officer (SUSPO) Tisha Garcia and left a message on her voicemail to confirm his assigned probation officer. On the same date, the undersigned telephoned Mr. Liddy and advised he will be supervised by SrUSPO Walloch. The undersigned directed Mr. Liddy to have no contact with SrUSPO Kelli Singleton for any reason. Mr. Liddy began raising his voice stating if SrUSPO Singleton tries to call him again, he will call the police. The undersigned terminated the phone call.

On May 2, 2023, in reviewing her personal social media sites, SrUSPO Singleton discovered she was being followed by Courtney Liddy. Specifically, on LinkedIn, Courtney Liddy from Coronado, California had been following her since April 2023. On Facebook, SrUSPO Singleton was being followed by Courtney Liddy and on Instagram, she was being followed by CMLiddy123. SrUSPO Singleton blocked Courtney Liddy from the social media sites.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Liddy is 59 years old and currently residing in Coronado, California with his wife. Mr. Liddy is unemployed but is retired from the United States Marine Corps. He is deemed to be 50% disabled by the Department of Veteran's Affairs (VA), due to burns sustained during his military service. Mr. Liddy receives benefits from the USMC and is also financially supported by his wife.

Mr. Liddy has attained a criminal history category I. His criminal history includes the underlying offense and an arrest while on probation for Driving Under the Influence (DUI) of alcohol. Mr. Liddy participated in a diversion program through the Superior Court of California, County of San Diego. Mr. Liddy provided a copy of the Order Granting Restorative Relief, Pursuant to Penal Code Section 1001.80, confirming the DUI charges were dismissed on May 1, 2023.

Mr. Liddy has a substance abuse history which includes alcohol abuse. While on probation, on August 12, 2022, Mr. Liddy completed a dual diagnosis recovery program through the VA. He also attended alcohol treatment through the VA and successfully completed their program on February 1, 2023. Mr. Liddy has reported a history

of anxiety and Post Traumatic Stress Disorder (PTSD). He has reported receiving mental health treatment through the VA and also attended sex offender-specific treatment with Connie Martin. On February 17, 2023, he completed sex offender-specific treatment.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation the court may continue probation, extend the term of probation, modify the conditions of supervision, or revoke probation and resentence under Subchapter A. 18 U.S.C. § 3565 (a) (1) and (2).

If probation is revoked, the maximum term of imprisonment is 20 years. 18 U.S.C. § 2252(a)(4)(B).

**USSG Provisions:** The allegations (Threats to kill Kelli Singleton, threats to injure Kelli Singleton, intent to kill, injure, harass, intimidate or place under surveillance in order to kill, injure, harass, or intimidate Kelli Singleton, and threatened to commit a crime which would result in death or great bodily injury to Kelli Singleton) constitutes Grade A violations. USSG §7B1.1(a)( 1), p.s.

Upon a finding of a Grade A violation the court shall revoke probation. USSG §7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 12 to 18 months.** USSG § 7B1.4, p.s.

### IMPOSITION OF SUPERVISED RELEASE

**Statutory Provisions:** If the court imposes a sentence of imprisonment, it may include a term of supervised release as part of the sentence. 18 U.S.C. § 3583(a) and (b).

A term of not more than five years' supervised release is authorized. 18 U.S.C. §3583(k).

**USSG Provisions:** The statute requires a term of supervised release of not less than five years, therefore the guideline requirement for a term of supervised release is five years to life. USSG § 5D1.2(b)(2).

### JUSTIFICATION FOR BENCH WARRANT

Mr. Liddy's recent behavior has been threatening, harassing, hostile, and erratic. The threats made to SrUSPO Singleton and "any officer" presents Mr. Liddy as a danger to the community. Therefore, it is respectfully recommended a bench warrant be issued so he may be brought before the Court.

### RECOMMENDATION/JUSTIFICATION

Mr. Liddy's recent behavior is of grave concern. Throughout his term of probation, he has refused to take responsibility for the underlying offense. Given his recent conduct, Mr. Liddy exhibits a lack of regard and presents a cavalier attitude towards the order imposed by the Court. At this juncture his noncompliance has escalated to include threats to "find and kill" the probation officer. He has been hostile toward and made threats to the probation officer's life. These threats are taken very seriously. There have been noted efforts to find SrUSPO Singleton through social media, leaving into question to what extent will these threats be executed or acted on.

Given the breach of the Courts trust and should the allegations outlined in the petition be sustained, it is respectfully recommended the Court revoke Mr. Liddy's supervised release and sentence him to 18 months custody, the high end of the guideline range, followed by five (5) years supervised release. The additional supervised release will provide further community protection. It is also recommended all previously imposed terms and conditions be imposed to include abstain from the use of alcohol and participate in drug and alcohol treatment. Additionally, it is recommended the Court update the wording for the previously imposed conditions as follows:

- Submit your person, property, residence, abode, vehicle, papers, computer, social media accounts, any other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. § 3563 (b)(23); 3583 (d)(3). Failure to submit to a search may be grounds for revocation; you must warn any other residents that the premises may be subject to searches pursuant to this condition.

- Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

- Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(1)), which are capable of accessing, storing, or transmitting visual depictions of "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), without prior approval by the court or probation officer, all of which are subject to search and seizure. Such devices include, but are not limited to smart phones, smart watches, video game consoles, digital tablets, I-pods, and not excluding anything else that has the capability of doing so in the future and can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment. The offender must consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender must pay for the cost of installation of the computer software.

- Not associate with, or have any contact with, any known sex offenders unless in an approved treatment and/or counseling setting.

- Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

- Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

- Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

- Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of a visual reaction time (VRT) assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment

requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.

- Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: May 9, 2023**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER


Reviewed and approved:

by _____
Tracy D. Huxman
Supervisory U.S. Probation Officer
(619) 409-5125

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Liddy, Raymond Joseph

2. **Docket No.** (Year-Sequence-Defendant No.): 19CR01685-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Threats to kill Kelli Singleton | A |
| Threats to injure Kelli Singleton | A |
| Intent to kill, injure, harass, intimidate or place under surveillance in order to kill, injure, harass, or intimidate Kelli Singleton | A |
| Threatened to commit a crime which would result in death or great bodily injury to Kelli Singleton | A |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                [ A ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))                     [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                  [ 12 to 18 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| Restitution ($) _____ | Community Confinement _____ |
|---|---|
| Fine ($) _____ | Home Detention _____ |
| Other _____ | Intermittent Confinement _____ |

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY PROBATION SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY PROBATION SHOULD NOT BE REVOKED.

_____ Other _____

_____
The Honorable Cathy Ann Bencivengo
U.S. District Judge

5/9/2023
Date

lus